IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| HENRY GUY JONES, | :: | FEDERAL PRISONER |
| Plaintiff, | :: | CIVIL RIGHTS |
| | :: | |
| v. | :: | |
| | :: | |
| C.O. MOODY, Mail Room and | :: | CIVIL ACTION NO. |
| LIBRARIAN JONES, | :: | 1:12-CV-4240-TWT-LTW |
| Defendants. | :: | |

## FINAL REPORT AND RECOMMENDATION

Plaintiff is confined at the federal prison in Atlanta, Georgia (the "Prison"). In this action, Plaintiff, pro se, alleges that Defendants violated his constitutional right to access the courts. (Docs. 1, 5.) The Court granted Plaintiff leave to proceed *in forma pauperis*, and the complaint is now ready for screening under 28 U.S.C. § 1915A.

Although Plaintiff styled his complaint as a petition for a criminal investigation and alleges that Defendants have committed crimes, he cannot bring criminal charges in a civil action. (Doc. 1 at 1, 7-8.) The Court must liberally construe pro se pleadings. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). Liberally construed, Plaintiff's complaint asserts claims under *Bivens v. Six Unknown Named*

*Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) because he claims that Defendants, who are federal officials, violated his constitutional rights. (Docs. 1, 5.)

## I. The 28 U.S.C. § 1915A Standard

Federal courts must screen a prisoner's complaint against governments or government officials to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts may dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). To state a claim for relief under *Bivens*, a plaintiff must allege that a federal agent, by act or omission under color of federal authority, deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *Bivens*, 403 U.S. at 389; *Powell v. Lennon*, 914 F.2d 1459, 1462-63 (11th Cir. 1990); *see Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) ("[A]s a general matter federal courts incorporate § 1983 law into *Bivens* actions.").

2

## II. Factual Allegations[1]

On November 30, 2012, Prison officials gave Plaintiff an envelope from the Georgia Court of Appeals that was mailed from that court on November 8, 2012. The envelope contained an order informing Plaintiff that he had ten days from the date of the order, which was November 7, 2012, to file a notice of appeal in his state criminal case. The appeal was Plaintiff's request, pro se, for "discretionary review of the trial court's order denying demand for speedy trial," which was a "pre-trial" order. (Doc. 1 at 13.) Plaintiff contends that Prison officials received the mailing no later than November 14, 2012 and that Defendant Moody, the mail room supervisor, intentionally impeded its delivery to Plaintiff. As a result, Plaintiff procedurally defaulted his discretionary appeal because the ten-day deadline set by the state appellate court had expired when Plaintiff received the court's order.

Defendant Jones has set a limited and restrictive schedule for access to the Prison's law library. Jones closes the library earlier than scheduled and requires inmates to use a lottery system to obtain early access on Saturdays. On October 27, 2012, a Saturday, Plaintiff tried to access the library via the lottery system but was

---

[1] The factual allegations are taken from Plaintiff's complaint and incorporated exhibits, (Doc. 1), and the supplement to the complaint, (Doc. 5). The allegations are presumed true for purposes of the frivolity review.

3

unsuccessful. Plaintiff needed to use the library that day to meet an October 29, 2012 deadline in *Jones v. Hook*, No. 1:12-cv-786-TWT (N.D. Ga. 2012), a case in which Plaintiff complained of the conditions of his confinement at a jail.[2]

On December 13, 2012, Plaintiff received a mailing from the U.S. Court of Appeals for the Eleventh Circuit, but the order that was supposed to be in the envelope was missing. Plaintiff contends that Prison officials opened the envelope outside his presence, removed the order, and thus have committed theft. Plaintiff contends that the actions described above violated his constitutional right to access the courts.

Finally, Plaintiff contends that the Prison's administrative grievance system is ineffective because grievances are lost or destroyed, rejected, or unanswered in many cases. Plaintiff contends that Prison officials have burned mailing labels on grievances he has attempted to mail to the Bureau of Prison's central office to prevent them from being delivered.

### III. Analysis

Prisoners have a constitutional right to access the courts, which requires that they be given "'a reasonably adequate opportunity to present claimed violations of

---

[2] Some of the specific allegations regarding the October 27 incident are contained in one of Plaintiff's grievances, which he attached as an exhibit to his complaint. (Doc. 1 at 18-19.)

4

fundamental constitutional rights to . . . courts.'" *Lewis v. Casey*, 518 U.S. 343, 350-51, 367 (1996) (quoting *Bounds v. Smith*, 430 U.S. 817, 825 (1977)). The government generally may guarantee this opportunity by providing prisoners with "adequate law libraries" or "adequate assistance from persons trained in the law," but it must not take acts that prevent a prisoner from accessing the courts in certain types of cases. *Bounds*, 430 U.S. at 828; *see Gramegna v. Johnson*, 846 F.2d 675, 677 (11th Cir. 1988) ("It cannot be gainsaid that Central Records' practice of allowing mail to accumulate before forwarding it to the prisoners unconstitutionally infringes on their right of access to the courts.").

To succeed on a claim under *Bounds* and its progeny, prisoners must show that the alleged inadequacies of a prison's library facilities or alleged interference with their access to courts "caused [them] 'actual injury' – that is, 'actual prejudice . . . such as the inability to meet a filing deadline or to present a claim.'" *Lewis*, 518 U.S. at 348; *see also Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir. 1998) ("While *Bounds* guarantees the right of access to the courts under the Fourteenth Amendment, prisoners have no inherent or independent right of access to a law library or to legal assistance."). Prisoners must demonstrate that this actual injury occurred "in the pursuit of specific types of nonfrivolous cases: direct or collateral attacks on sentences

AO 72A
(Rev.8/82)

and challenges to conditions of confinement," i.e., that prison officials "impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action." *Wilson*, 163 F.3d at 1290. "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis*, 518 U.S. at 355; *see Al-Amin v. Smith*, 511 F.3d 1317, 1332 (11th Cir. 2008).

Plaintiff has not stated a viable access-to-courts claim because he has not alleged that any Prison official interfered with his pursuit of a direct or collateral challenge to a criminal conviction or a civil rights action regarding the conditions of his confinement. Plaintiff alleged that Defendant Moody interfered with his ability to pursue a discretionary appeal from the state trial court's denial of his pre-trial motion for a speedy trial. (Doc. 1 at 3-4, 13.) That appeal was not a challenge to a conviction or sentence, but was a pre-trial challenge to the delay in bringing Plaintiff to trial.[3] (*Id.*)

---

[3] The records of the Superior Court of Cobb County, Georgia indicate that Plaintiff's criminal case there is pending and that Plaintiff has not been tried or convicted. *See* Criminal Case Search, http://www.cobbsuperiorcourtclerk.org/scripts/courtscr.dll/CriminalSearchByName (last visited Jan. 29, 2013).

6

Such challenges do not constitute actual injury for purposes of an access-to-courts claim. *See Hall v. Sec'y for Dep't of Corr.*, 304 F. App'x 848, 849-50 (11th Cir. 2008) (allegation that prison officials caused untimely filing of discretionary motion for rehearing was insufficient to state a viable access-to-courts claim); *Bishop v. McLaughlin*, No. 5:11-CV-107(MTT), 2012 WL 6004083, at *2 (M.D. Ga. Nov. 30, 2012) (holding that prevention from filing discretionary appeal related to extraordinary motion for new trial that had been considered on the merits was not an actual injury for prisoner's access-to-courts claim); *Burkett v. Newman*, No. 3:11-cv-37, 2012 WL 1038914 at *6 (W.D. Penn. Feb. 21, 2012) ("A plaintiff has not suffered an actual injury where the defendant has allegedly prevented the plaintiff from filing a discretionary appeal."), *adopted by* 2012 WL 1044502 (W.D. Penn. Mar. 28, 2012); *Barefoot v. Pickett*, No. 5:06-CT-3113-FL, 2010 WL 4974561, at *4 (E.D.N.C. Dec. 1, 2010) (holding that missed deadline to file a motion for rehearing en banc in appellate court was not an actual injury for prisoner's access-to-courts claim). Only interference with "nonfrivolous appeals from a conviction, habeas petitions, or civil rights suits" violates a prisoner's right to access the courts. *Al-Amin*, 511 F.3d at 1332. Plaintiff alleged no such interference.

AO 72A
(Rev.8/82)

While Plaintiff alleged that Defendant Jones' actions regarding the Prison law library impeded Plaintiff's ability to comply with a deadline in his civil rights action in this Court regarding the conditions of his confinement at a jail, the official records of that action show the claim is frivolous.[4] The October 29, 2012 deadline that Plaintiff contends Jones prevented him from meeting was the deadline for Plaintiff to either pay the appellate filing fee or submit an *in forma pauperis* consent form to the appellate court. (Doc. 1 at 18-19); *see* Notice, *Jones*, No. 1:12-cv-786-TWT (Sept. 28, 2012), ECF No. 17 (informing Plaintiff that he had thirty days from September 28, 2012 to satisfy the appellate filing fee requirement). Plaintiff met that deadline by filing an *in forma pauperis* consent form with the U.S. Court of Appeals for the Eleventh Circuit on October 29, 2012. Consent Form, *Jones*, No. 1:12-cv-786-TWT (Oct. 29, 2012), ECF No. 18. The appellate court accepted the form, *id.* at 2-3, and its docket indicates that the appeal is pending and has not been procedurally defaulted as Plaintiff contends, *Jones v. Hook*, No. 12-14924 (11th Cir. 2012). Thus, Plaintiff's claim that Defendant Jones impeded Plaintiff's pursuit of his appeal in his federal civil rights action is frivolous.

---

[4] The Court takes judicial notice of the official records of this Court and the U.S. Court of Appeals for the Eleventh Circuit as shown on the court dockets. *See* Fed. R. Evid. 201.

8

Plaintiff alleged no other cognizable injury as a result of any Prison official's actions, including the alleged restricted access to the Prison law library. Thus, he has not stated a viable claim that his right to access the courts was violated.[5]

Finally, Plaintiff's claim that the Prison's administrative grievance system is ineffective fails to state a viable claim upon which relief may be granted in this action. Prisoners have no constitutional right to the provision, or proper functioning, of an administrative remedy program. *See Thomas v. Warner*, 237 F. App'x 435, 437-38 (11th Cir. 2007) ("We agree with other circuits that have decided that a prisoner does

---

[5] Plaintiff likely had no constitutional right to access the Prison's law library in connection with his state criminal case. The order from the Georgia Court of Appeals that Plaintiff attached as an exhibit to his complaint indicates that Plaintiff pursued his discretionary appeal of the speedy trial issue pro se. (Doc. 1 at 13.) Plaintiff did not allege that he was denied court-appointed counsel in his state criminal case. Courts have held that prisoners who refuse court-appointed counsel and defend themselves in criminal cases have no constitutional right to access a law library. *See, e.g., Smith v. Hutchins*, 426 F. App'x 785, 789 (11th Cir. 2011) (holding that inmate who waived his right to counsel "had no constitutional right to access a law library and other legal resources during his pre-trial detention"); *Degrate v. Godwin*, 84 F.3d 768, 769 (5th Cir. 1996) ("[H]aving rejected the assistance of court-appointed counsel, Degrate had no constitutional right to access a law library in preparing the *pro se* defense of his criminal trial"); *Singleton v. FS No. 7084*, No. 3:11-CV-70-J-12TEM, 2011 WL 617942, at *3 (M.D. Fla. Feb. 15, 2011) ("[T]here is no constitutional right to access a law library in preparing a pro se defense in a criminal case."); *Daker v. Ferrero*, No. 1:03-CV-2526-RWS, 2008 WL 822190, at *11-12 (N.D. Ga. Mar. 26, 2008) (holding that Georgia prisoner who waived his right to counsel on direct appeal of his criminal conviction could not state a viable claim for denial of access to a law library).

9

not have a constitutionally-protected liberty interest in an inmate grievance procedure."); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (concluding "that the federal regulations providing for an administrative remedy procedure [for federal prisoners] do not in and of themselves create a liberty interest in access to that procedure").

### IV. Conclusion

For the foregoing reasons, the undersigned **RECOMMENDS** that this action be **DISMISSED** under 28 U.S.C. § 1915A.

**SO RECOMMENDED**, this 31 day of January, 2013.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)